## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

YALE L. BALCAR                                                **PLAINTIFFS**
**CLARENCE RUSSELL**
**v.**                                  **CIVIL ACTION NO. 3:17-CV-P119-CRS**

**AARON SMITH** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the following reasons, this action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiffs Yale L. Balcar and Clarence Russell, inmates at Kentucky State Reformatory (KSR), bring this action against KSR Warden Aaron Smith, KSR official Captain Williams, and Kentucky Department of Corrections (KDOC) Commissioner Rodney Ballard, in their official and individual capacities. Plaintiffs allege that on February 8, 2017, while Russell was pushing Balcar in his wheelchair, the two were attacked by three other inmates. Plaintiffs claim that these inmates pushed Russell "around" so that they could get to Balcar, and then stabbed Balcar in the eye and face. Plaintiffs further allege that Balcar was "taken to medical" for treatment of his stab wound and sent to an eye doctor "for the damage to the eye."

Plaintiffs seem to allege that KSR Defendants Warden Smith and Williams witnessed this assault on camera but did nothing to stop it. Plaintiffs further allege that these Defendants placed them in a "situation of danger from other who are known to be aggressive and violent."

Plaintiffs also state that the two KSR Defendants failed "to follow their own rules, regulations, or policies concerning protection of plaintiffs." In addition, Balcar contends that he wants to file attempted murder charges against the imates who attacked him but that Defendant Williams is "trying to cover it up."

Plaintiffs state there are assaults, beatings, and stabbings at KSR "almost every day" and that "at least three" have been murdered so far this year. Plaintiffs further allege that "prisoners are getting hurt or kill daily and [Defendants Warden Smith and Williams] want this to happen. They refuse to stop all assault."

Plaintiffs claim that Defendants Warden Smith and Williams violated their constitutional rights by failing to protect them from other inmates. They state that Defendants Smith and Williams "encourage inmate assaults or actively permit assault to inmates. They stand by and do nothing about an assault that they witness. . . . They will place plaintiffs or prisoners in a situation of danger from other who are know to be aggressive and violent." Plaintiffs also contend that Defendant Warden Smith fails "to classify plaintiffs or inmates and separate the particularly violent or vulnerable through prison officials."

Plaintiffs further claim that Defendant Warden Smith was negligent by failing "to keep prisoners safe and protect them from harm. He know that he is short of over two hunder guards and know the problems of gangs and their assault of prisoners. He failed to in his duty to keep Plaintiffs safe."

Finally, Plaintiffs claim that Defendant Commissioner Ballard was negligent "for letting Warden Smith for his breach of duty to keep prisoners safe and protect from assault and not having enough guards to protect the unreasonable harm."

As relief, Plaintiffs seek compensatory and punitive damages and injunctive relief in the form of a "TRO-Protect Order."

## II. LEGAL STANDARD

Because Plaintiffs are prisoners seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. 42 U.S.C § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective

component requires the plaintiff to prove that the defendant acted with "deliberate indifference" to that risk. *Id.*

In failure-to-protect cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted). However, actual knowledge can also exist where "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past," and where "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 83 (6th Cir. 1995) (quoting *Farmer*, 511 U.S. at 842-43). In these cases, "it does not matter . . . whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

### 1. Official-Capacity Claims

As stated above**,** Plaintiffs have sued all three Defendants in their official capacities. Official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. at 169 (1985); s*ee also Grider v. City of Russell Springs, Ky.*, No. 1:05CV137-M, 2006 U.S. Dist. LEXIS 8211 (W.D. Ky. Mar. 1, 2006) (finding official-capacity claims for damages against Kentucky State Police trooper barred by Eleventh Amendment). In addition, employees or officials of a state who are sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Accordingly, to the extent that Plaintiff seeks money

damages from the named Defendants in their official capacities, they fail to allege cognizable claims under § 1983.[1]

### 2. Individual-Capacity Claims

Based upon the allegations contained in their complaint, the Court will allow Plaintiffs' "failure-to-protect" claims against KSR Defendants Warden Smith and Williams in their individual capacities to proceed.

### 3. Injunctive Relief

Plaintiffs also request injunctive relief in the form of a "TRO-Protect Order." However, "[i]t is is well settled that an injunction must be narrowly tailored to remedy the harm shown.'" *ClearOne Comm'ns v. Bowers*, 643 F.3d 735, 752 (10th Cir. 2011) (citing *Garrison v. Baker Hughes Oilfield Operations*, 287 F.3d 955, 962 (10th Cir. 2002). Here, the Court finds Plaintiffs' request for a "protect order" too vague and broad to state a claim for injunctive relief. *See also* 11A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2955 (2d ed.) ("These prerequisites [requiring reasonable detail] are designed to protect those who are enjoined by informing them of what they are called upon to do or refrain from doing in order to comply with the injunction or restraining order."); *Carbajal v. Holman*, 485 F. App'x 332, 333 (10th Cir. 2012) ("We conclude that Plaintiff's vague and broad request for further injunctive relief was appropriately dismissed without prejudice.").

### B. State-Law Negligence Claims

Based upon the above, the Court will allow Plaintiffs' negligence claims against Defendants KSR Warden Smith and KDOC Commissioner Ballard to proceed at this time.

---

[1]Although a request for injunctive relief, which Plaintiffs have made here, could theoretically trigger the exception to the Eleventh Amendment created by *Ex Parte Young*, 209 U.S. 123 (1908), which allows a litigant to seek injunctive relief from a state officer in certain circumstances, it is not applicable here since the Court finds that Plaintiffs' request for injunctive relief fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' 42 U.S.C. § 1983 official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiffs' claim for injunctive relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

A separate Scheduling Order and Order Regarding Service will be entered to govern the continuing claims.

Date: May 4, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
    Defendants
4411.011