UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| YALE L. BALCAR | PLAINTIFFS |
| CLARENCE RUSSELL | |
| v. | CIVIL ACTION NO. 3:17-CV-P119-CRS |
| AARON SMITH *et al.* | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a renewed motion by Defendants to dismiss this prisoner civil rights action for failure to exhaust available administrative remedies (DN 23). Defendants attach a copy of Kentucky Corrections Policies and Procedures, Inmate Grievance Procedure, and an affidavit to their motion. Defendants, however, do not identify the Federal Rule of Civil Procedure under which they seek dismissal on exhaustion grounds.

Although there is no binding Sixth Circuit or Supreme Court precedent on point, this procedural issue was recently extensively examined by the District Court of the Eastern District of Michigan in *Anderson v. Jutzy*, 175 F. Supp. 3d 781 (E.D. Mich 2016). The *Anderson* court reasoned as follows:

> [A] prisoner's failure to exhaust administrative remedies is an affirmative defense, which a defendant must plead and prove. *Jones [v. Bock]*, 549 U.S. [199,] T 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 [(2007)]. As a general rule, affirmative defenses must be raised by a responsive pleading. Fed. R. Civ. P. 12(b) (stating that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required"). However, Rule 12(b) lists seven specific defenses that may be raised by motion. A failure to exhaust defense . . . is not included among the seven grounds . . . .
>
> Once an affirmative defense is asserted, it may be adjudicated at any point in the development of a lawsuit that the rules of procedure allow. As the *Jones* Court noted, because a plaintiff need not anticipate or plead around an exhaustion defense, that defense usually may not be addressed in a motion under Rule 12(b)(6) for failure to state a claim. However, the exhaustion affirmative defense may be raised by a motion for summary judgment if the defendant successfully demonstrates that no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law on that defense . . . .

> In *Albino[v. Baca*, 747 F.3d 1162 (9th Cir. 2014)], the court recognized that . . . resort to an "'unenumerated' (that is, non-existent)" rule did not square with the Supreme Court's admonition in "*Jones* against deviating from 'the usual practice under the Federal Rules.'" *Id*. at 1166, 1169. The court reasoned that summary judgment under Rule 56 was the more appropriate procedural vehicle to consider whether a prisoner had exhausted administrative remedies. *Id.* at 1170. The *Albino* court joined the Second, Third, Fifth, and Seventh Circuits, which all "use a motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion" to resolve the question whether a prisoner had failed to exhaust administrative remedies under the [Prison Litigation Reform Act].

175 F. Supp. 3d at 786-88 (citations omitted). The *Anderson* court also recognized that "the summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence." *Id*. at 787 (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56")). The Sixth Circuit has also recognized that granting summary judgment due to failure to exhaust administrative remedies is not on the merits, and requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

In light of the above case law, this Court concludes that Defendants' motion to dismiss should be construed as a motion for summary judgment. *See also Hoosier v. Liu*, No. 2:16-10688, 2017 U.S. LEXIS 22049 (E.D. Mich. Jan. 23, 2017) (adopting reasoning set forth in *Anderson*); *Robison v. Coey*, No. 2:15-cv-944, 2016 U.S. Dist. LEXIS 122296 (S.D. Ohio Sept. 9, 2016) (same). *But see Hanserd v. Souder*, No. 15-13201, 2017 U.S. Dist. LEXIS 45433 (E.D. Mich. Feb. 15, 2017) (finding summary judgment an "inappropriate vehicle for adjudication" on the issue of whether the plaintiff failed to exhaust his administrative remedies

under the PLRA because "there is no determination on the merits of the case, and no 'judgment' is entered" and collecting cases in support).

In the Sixth Circuit, before a district court may convert the motion *sua sponte*, the "district court must afford the party against whom *sua sponte* summary judgment is to be entered . . . notice and an adequate opportunity to respond." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) (quoting *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984)). It does so now.

**IT IS HEREBY ORDERED** that the Court **construes** Defendants' renewed motion to dismiss (DN 23) as a motion for summary judgment under Federal Rule of Civil Procedure 56. Thus, although Plaintiffs have already filed a response to Defendants renewed motion to dismiss with their own attachments (DN 25), out of an abundance of caution, the Court will permit Plaintiffs to file a second response to Defendants' motion, along with any supporting materials, **within 30 days of entry of this Order**. The Court instructs Plaintiffs that their response should be guided by Federal Rule of Civil Procedure 56, which is attached to this Order. Defendants may file a reply **within 14 days** from service of Plaintiffs' response.

Date: October 27, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
    Counsel of Record
4411.011

# FEDERAL RULE OF CIVIL PROCEDURE 56—SUMMARY JUDGMENT

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

**(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   **(1)** defer considering the motion or deny it;

   **(2)** allow time to obtain affidavits or declarations or to take discovery; or

   **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   **(1)** give an opportunity to properly support or address the fact;

   **(2)** consider the fact undisputed for purposes of the motion;

   **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

   **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

   **(1)** grant summary judgment for a nonmovant;

   **(2)** grant the motion on grounds not raised by a party; or

   **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.