# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

YALE L. BALCAR                                                  PLAINTIFFS
CLARENCE RUSSELL

v.                                        CIVIL ACTION NO. 3:17-CV-P119-CRS

AARON SMITH *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by Defendants for Plaintiffs' failure to exhaust available administrative remedies (DN 23) and duplicate cross-motions for summary judgment by Plaintiffs (DNs 31 & 34). For the following reasons, the Court will grant in part and deny in part Defendants' motion for summary judgment, deny Plaintiffs' first cross-motion for summary judgment, and strike Plaintiffs' duplicate second motion for summary judgment from the record.

## I. PROCEDURAL HISTORY

*Pro se* Plaintiffs Yale L. Balcar and Clarence Russell initiated this 42 U.S.C. § 1983 prisoner civil rights action on February 16, 2017.[1] Plaintiffs are inmates at Kentucky State Reformatory (KSR). In their complaint, Plaintiffs sue KSR Warden Aaron Smith, KSR Captain Michael Williams, and Kentucky Department of Corrections (KDOC) Commissioner Rodney Ballard, in their official and individual capacities.

Plaintiffs allege that on February 8, 2017, while Plaintiff Russell was pushing Plaintiff Balcar in his wheelchair, the two were attacked by three other inmates. Plaintiffs claim that these inmates pushed Plaintiff Russell "around" so that they could get to Plaintiff Balcar, and

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiffs certify that they delivered their complaint to the prisoner mail system for mailing on February 16, 2017.

then stabbed Plaintiff Balcar in the eye and face. Plaintiffs further allege that Plaintiff Balcar was "taken to medical" for treatment of his stab wound and sent to an eye doctor "for the damage to the eye." Plaintiffs seem to allege that Defendants Smith and Williams witnessed this assault on camera but did nothing to stop it. Plaintiffs then claim that these Defendants violated their constitutional rights by failing to protect them from other inmates. Plaintiffs further claim that Defendant Smith was negligent by failing "to keep prisoners safe and protect them from harm" and that Defendant Ballard was negligent "for letting Warden Smith for his breach of duty to keep prisoners safe and protect from assault and not having enough guards to protect the unreasonable harm." The Court conducted its initial review of Plaintiffs' complaint pursuant 28 U.S.C. § 1915A on May 5, 2017 (DN 10). In that Memorandum Opinion and Order, the Court dismissed the official-capacity claims against all Defendants, but allowed Plaintiffs to proceed with their Eighth Amendment failure-to-protect claims against Defendants Smith and Williams in their individual capacities, as well as their state-law negligence claims against Defendants Smith and Ballard.

On May 17, 2017, Plaintiffs filed a motion for leave to file a supplemental complaint (DN 15), which the Court granted (DN 18). In the supplemental complaint, Plaintiffs made the same legal claims against the same Defendants based upon allegations of a subsequent attack by another inmate.

On June 9, 2017, Defendants filed a motion to dismiss this action for failure to exhaust administrative remedies (DN 16). The Court entered a Memorandum and Order denying this motion for several reasons (DN 21). However, the Court provided Defendants 30 days to file a properly supported dispositive motion regarding the exhaustion issue.

On September 8, 2017, Defendants filed a renewed motion to dismiss based upon Plaintiffs' failure to exhaust available administrative remedies (DN 23). On October 30, 2017, the Court entered a Memorandum Opinion and Order stating that it was construing Defendants' renewed motion to dismiss as one for summary judgment and providing Plaintiffs 30 days to file a response to Defendants' motion (DN 28). Following entry of that Memorandum and Order, Plaintiffs filed duplicate cross-motions for summary judgment (DNs 31 & 34).[2] No subsequent responses or replies were filed by either party.

## II. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a

---

[2] Because Plaintiffs' second cross-motion for summary judgment (DN 34) is a duplicate of the first, the Court will order that the duplicate motion be stricken from the record.

genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the facts presented.

### III. UNDISPUTED FACTS

Defendants attach KDOC's Inmate Grievance Procedure, Corrections Policies and Procedures (CPP) 14.6, to their motion. This procedure sets forth the four steps of KDOC's inmate grievance process: Step 1 – Filing the Grievance and Informal Resolution, Step 2 – Grievance Committee Hearing, Step 3 – Appeal to the Warden, Step 4 – Appeal to the Commissioner (DN 23-1, KDOC Inmate Grievance Procedure, CPP 14.6, pp. 7-13). The procedure also clarifies the types of issues that are considered grievable versus non-grievable. *Id*. at p. 2. The procedure specifically states that "a grievable issue" may include "personal action by staff." *Id*. Defendants also attach the affidavit of John M. Dunn, KDOC's grievance custodian, who avers that KDOC's records contain only one grievance filed by Plaintiff Balcar and that this grievance concerns a missing television. Dunn further avers that KDOC's records contain no grievances filed by Plaintiff Russell.

Plaintiffs attach no exhibits to either their complaint or cross-motion for summary judgment, but they signed their cross-motion under penalty of perjury.[3] In their cross-motion, which predominantly addresses the merits of Plaintiffs' underlying claims in this action, they

---

[3] In general, pleadings signed under penalty of perjury are "sufficient to qualify as an affidavit for the purposes of summary judgment." *Belser v James*, No. 16-2578, 2017 U.S. App. LEXIS 23218, at *5-6 (6th Cir. June 6, 2017) (quoting *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992)).

4

nonetheless state the following in regard to Defendants' arguments that they failed to exhaust their administrative remedies. First, they state that they "filed a complaint in Oldham County Attorney and the Oldham County Attorney and they was denied because of [Defendant] Williams' refuse to call Kentucky State Police to report the assault and stabbing on [Plaintiff] Balcar." They then state: "Plaintiffs meet the exhaustion requirement because KSR did not respond to Plaintiffs administrative complaint to Internal Affairs or Captain Williams."

### IV. ANALYSIS

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory but not jurisdictional, and applies to all federal claims seeking redress for prison circumstances or occurrences regardless of the type of relief being sought. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA has been interpreted to require "proper exhaustion," meaning that a prisoner must "'complete the administrative review process in accordance with the applicable procedural rules,' . . . [as] defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. *Id*. at 216.

Requiring exhaustion serves two purposes. First, it gives an agency "'an opportunity to correct its own mistakes with respect to the program it administers before it is haled into federal court,'" and it discourages "'disregard of [the agency's] procedures.'" *Woodford v. Ngo*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, exhaustion

5

promotes efficiency. *Id*. This is because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*. Proper exhaustion of administrative remedies requires "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91 (footnote omitted). Here, the administrative remedy is the prison's grievance procedure. The purpose of a grievance in the prison context is "to alert prison officials to a problem." *Jones v. Bock*, 549 U.S. at 219 (citing *Johnson v. Johnson*, 385 F.3d 503 (6th Cir. 2004)). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id*. at 217-18.

In their brief in support of their motion for summary judgment, Defendants Smith and Williams argue that Plaintiffs failed to exhaust their administrative remedies with regard to their Eighth Amendment failure-to-protect claims against them since neither Plaintiff complied with KDOC's Grievance Procedure by filing a grievance regarding Defendants' failure to protect Plaintiffs during an inmate attack.

In their cross-motion for summary judgment, Plaintiffs argue that they have met the exhaustion requirement because "KSR did not respond to plaintiff's administrative complaint to Internal Affairs or Captain Williams" and because they attempted to file a complaint with the Oldham County Attorney. They also argue that they have "within two years to filed the [Federal Tort Claims Act (FTCA)] suits against Warden Smith at KSR on failure to allow Administrative Exhaustion . . . Plaintiffs will filed the FTCA suits if the Courts order them to."

The Court finds Plaintiffs' arguments unavailing. First, Plaintiffs do not dispute that they failed to follow KDOC's Grievance Procedure with regard to the constitutional failure-to-protect

claims that form the basis of this action. Rather, they claim that instead they submitted "an administrative complaint" with "Internal Affairs" and Defendant Williams regarding this issue, to which no one responded, and attempted to file a complaint with the Oldham County Attorney. Notably, Plaintiffs do not attach these documents to their motion. However, even if they had, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison's grievance procedures and that informal letters and petitions are no substitute for a formal inmate grievance. *Shephard v. Wilkinson*, 27 F. App'x 526, 527 (6th Cir. 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Jewell v. Leroux*, 20 F. App'x 375, 377 (6th Cir. 2001) (same); *see also Clark v. Beebe*, No. 98-1430, 1999 U.S. App. LEXIS 27411 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing letters to various prison and federal officials even though letter written to U.S. Attorney's Office eventually made its way to the warden of plaintiff's prison). Thus, whatever informal complaints Plaintiffs may have lodged at KSR or with the Oldham County Attorney did not relieve them of their duty to comply with the specific requirements set forth in CPP 14.6. *See also Bruin v. Meko*, No. 14-CV-57-HRW, 2015 U.S. Dist. LEXIS 29759, at *13 (E.D. Ky. Mar. 10, 2015). In addition, the Court is unable to discern how Plaintiffs' argument regarding the FTCA relates to this case or, more specifically, Plaintiffs' failure to exhaust their administrative remedies.

In light of the above, the Court concludes that no genuine issue of material fact exists with respect to the fact that Plaintiffs did not properly exhaust their failure-to-protect claims in compliance with KDOC's Inmate Grievance Procedure, and that Defendants Smith and Williams

7

are, therefore, entitled to judgment as a matter of law on these claims. Thus, the Court must necessarily deny Plaintiffs' cross-motion for summary judgment with regard to their constitutional claims.

Finally, the Court notes that its grant of summary judgment to Defendants Smith and Williams on Plaintiffs' Eighth Amendment failure-to-protect claims only leaves before the Court Plaintiffs' state-law negligence claims against Defendants Smith and Ballard. Where, as here, a district court has dismissed all of the claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3). The decision whether to exercise supplemental jurisdiction over a claim is purely discretionary and depends on judicial economy, convenience, fairness, and comity. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). As a rule of thumb though, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc.*, 89 F.3d at 1254-55. Indeed, as the Sixth Circuit has observed: "[T]he Supreme Court's general comity-related principle [is] that residual supplemental jurisdiction be exercised with hesitation, to avoid needless decisions of state law." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 522 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). In light of these guiding principles, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and will therefore deny without prejudice Defendants' motion for summary judgment on these claims.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment based on Plaintiffs' failure to exhaust administrative remedies (DN 23) is **GRANTED in part and DENIED in part,** and Plaintiffs' first cross-motion for summary judgment (DN 31) is **DENIED. Plaintiffs' remaining state-law claims are DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to **STRIKE** Plaintiffs' second cross-motion for summary judgment (DN 34) from the docket because it is a duplicate of Plaintiff's first cross-motion for summary judgment.

Date: March 22, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
      Counsel of Record
4411.011